**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Cody Berne,** OSB No. 142797
Email: cberne@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CLINT FISHER, individually and on behalf of the participants in Inlandboatmen's Union of the Pacific National Pension Plan and its participants,<br><br>          Plaintiff,<br><br>          v.<br><br>MARINA SECCHITANO; LEE EGLAND; BRIAN DODGE; DONOVAN DUNCAN; PETER HART; GAIL MCCORMICK; JOHN SKOW; ADAM SMITH; ROBERT ESTRADA; MATT HAINLEY; PATRICK MURPHY; ALICE NG; MIKE O'CONNOR; and ROBERT RELLER,<br><br>          Defendants. | Case No. 3:18-cv-01639<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**ERISA Breach of Fiduciary Duty** |

## INTRODUCTION

1.      Plaintiff Clint Fisher ("Plaintiff") is a participant in the Inlandboatmen's Union of

the Pacific National Pension Plan (the "IBU Plan").  The IBU Plan was established on July 1,

1981, pursuant to a Trust Agreement between the Inlandboatmen's Union of the Pacific (the

"Union") and several employers.

{SSBLS Main Documents/9050/001/00726246-5 }

Page 1 -    **CLASS ACTION ALLEGATION COMPLAINT**

2.      The IBU Plan is a defined benefit pension plan intended to provide pension benefits to participants who work or have worked for employers that are members of the IBU Plan.  The employers of IBU participants make contributions to the Plan pursuant to various collective bargaining and other agreements.

3.      The IBU Plan is governed by the Board of Trustees of the Trust established by the Trust Agreement, the Restated Trust Agreement and the amendments thereto ("Trust Documents").  Plaintiff alleges that the Board of Trustees violated the duties they owed to IBU participants by not following the Trust Documents.

4.      Defendants breached their fiduciary duties to the participants in the IBU Plan by allowing the IBU Plan to incur and failing to timely eliminate an unfunded vested benefit liability ("UVB") over the last nine years.  Amendment One to the Trust Documents provides that "the Trustees will not permit this Trust or any Plan established hereunder to incur any unfunded 'vested liability' as that term is defined in Section 3(25) of ERISA or "unfunded vested benefits" as that term is used in Title IV of ERISA."  That UVB has now grown to an amount in excess of $73 million as of June 30, 2017.

5.      The IBU Trust Documents required the trustees to meet and take action to modify plan benefits and contributions in order to eliminate and avoid incurring UVB.  However, the trustees failed to do that despite full knowledge of the UVB, until now, in 2018, they seek to adopt a Rehabilitation Plan that imposes changes in benefits only on those who retire after July 1, 2018.

6.      Under the 2018 Rehabilitation Plan, Plaintiff and the similarly situated class members (those who retire after July 1, 2018) will receive no pension benefit for the period of July 1, 2018 to June 30, 2019.  Plaintiff and the typical class member will lose at least $100 per

{SSBLS Main Documents/9050/001/00726246-5 }
Page 2 -    CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

month during their retirement as a result. Under the 2018 Rehabilitation Plan, Plaintiff and all class members will also have their pension benefit reduced by 30% a year for plan years July 1, 2019 through June 30, 2029. That means Plaintiff and the typical class member will lose at least an additional $300 per month for all the years of their retirement. The total loss will exceed $400 per month for Plaintiff and the typical class member.

7.     If the Trustees would have eliminated the UVB when it was first incurred in 2009, all participants at that time would have shared in the reduction in benefits to eliminate the $37 million UVB. However, rather than eliminating the UVB in 2009, the Trustees let the UVB ride, and now, in 2018, it has grown to $73 million.

8.     Plaintiff brings this action against the Trustees of the IBU Plan, Marina Secchitano, Lee Egland, Brian Dodge, Donovan Duncan, Peter Hart, Gail McCormick, John Skow, Adam Smith, Robert Estrada, Matt Hainley, Patrick Murphy, Alice Ng, Mike O'Connor, and Robert Reller ("Defendants" or "IBU Trustees"), under Sections 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3).

9.     Plaintiff brings this action on his own behalf and on behalf of all similarly situated participants against Defendants for breaching their fiduciary duties.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiff's claims under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

11.     This court has personal jurisdiction over the Defendants, because they served as trustees of the IBU Plan administered in this district and the alleged breaches of the duties imposed by ERISA with respect to the IBU Plan took place in this district.

12.     Venue is proper in the District of Oregon under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391, because the IBU Plan is administered in this District, and/or the alleged breaches of the duties imposed by ERISA with respect to the IBU Plan took place in this District.

## PARTIES

13.     Plaintiff Clint Fisher is a participant in the IBU Plan, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7).  He resides in Canby, Oregon.  He worked in covered employment within the meaning of the IBU Plan from May 2008 to present.

14.     The IBU Plan is an "Employee Pension Benefit Plan" within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A).  The trustees are fiduciaries to the participants in the IBU Plan.

15.     Defendants are trustees of the IBU Plan and each of them is a "plan fiduciary" within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

## CLASS ACTION ALLEGATIONS

16.     **Class Definition**.  Plaintiff brings this action on behalf of himself and under Federal Rules of Civil Procedure 23(a), (b)(1) and (b)(2), as a representative of the "putative Class," defined as:

> All participants of the Inlandboatmen's Union of the Pacific National Pension Plan (the "IBU Plan"), who were participants in the IBU Plan prior to July 1, 2018, and who will retire after that date.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

17.     **Numerosity**.  The putative Class is large in number; the exact number and identities of all putative Class members are currently unknown to Plaintiff, but are known to Defendants.  Plaintiff estimates that there are approximately 1400 active participants in the IBU Plan.  The number of putative Class members is so numerous that joinder of all putative Class members is impracticable.

18.     **Commonality**.  There are questions of law or fact common to all members of the putative Class concerning exclusively Defendants' actions and entail consideration of the IBU Trust Agreement and ERISA provisions, uniformly applicable to all putative Class members.  Common questions include (1) whether the IBU Trustees failed to eliminate and avoid incurring the UVB; (2) whether the IBU Trustees were obliged to eliminate and avoid incurring the UVB; and (3) whether the IBU Trustees breached their fiduciary duties.  Resolution of these questions will not require individual inquiry into the actions or circumstances of individual IBU Plan participants.

19.     **Typicality**.  Plaintiff is a member of the putative Class as defined above.  He is affected by the failure of the IBU Trustees to eliminate and avoid incurring the UVB and he asserts the same claims and legal theories under the same provisions of ERISA and regulations promulgated thereunder that all putative Class members possess with respect to Defendants' conduct.

20.     **Adequacy**.  Plaintiff will fairly and adequately protect the interests of the absent members of the putative Class.  Because his claims are typical of those of absent members of the putative Class, Plaintiff has every incentive to vigorously pursue those claims on behalf of absent putative Class members, and his interest coincides with, and is not antagonistic to, those of the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

putative Class.  Moreover, Plaintiff is represented by counsel experienced in ERISA and class actions.

21.    **Rule 23(b)(1) Requirements**.  The prosecution of separate actions by individual members of the putative Class would create the risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants and a risk of adjudications which as a practical matter would be dispositive of the interests of other members of the putative Class who are not parties.

## FIRST CLAIM FOR RELIEF

**(Breach of Fiduciary Duty – Failure to Act in Accord with Trust Documents)**

22.    Plaintiff repeats and realleges each of the allegations in the foregoing paragraphs as if fully set forth in this paragraph.

23.    ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires that plan fiduciaries, such as IBU Plan Trustees, discharge their duties solely in the interest of plan participants and in accordance with the documents and instruments governing the plan.

24.    The IBU Plan Trustees breached their fiduciary duties by failing to govern the plan in accord with the Trust Documents in that they failed to timely eliminate and avoid incurring the UVB.

25.    ERISA § 409, 29 U.S.C. § 1109, provides that any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries under ERISA shall be personally liable to make good to such plan any losses to the plan resulting from each such breach and shall be subject to such other equitable or remedial relief as the court may deem appropriate.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

26.    Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), a participant may bring suit for relief under ERISA§ 409, 29 U.S.C. § 1109, for breach of fiduciary duty.

27.    Plaintiff and the class members are entitled to a judgment against Defendants and in favor of the IBU Plan for all losses to the plan resulting from the breaches of fiduciary duties, including elimination of the $73 million UVB, and an award of their reasonable attorney fees and costs under 29 U.S.C. § 1132(g).

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty – Prudent Person)

28.    Plaintiff repeats and realleges each of the allegations in the foregoing paragraphs as if fully set forth in this paragraph.

29.    ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires that plan fiduciaries, such as IBU Plan Trustees, discharge their duties solely in the interests of plan participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of a similar enterprise.

30.    The IBU Plan Trustees breached the duty of prudence to the IBU Plan participants by failing to eliminate and avoid incurring the UVB.

31.    ERISA § 409, 29 U.S.C. § 1109 provides that any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries under ERISA shall be personally liable to make good to such plan any losses to the plan resulting from each such breach and shall be subject to such other equitable or remedial relief as the court may deem appropriate.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

32.     Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) a participant may bring suit for relief under ERISA § 409, 29 U.S.C. § 1109 for breach of fiduciary duty.

33.     Plaintiff and the class members are entitled to a judgment against Defendants and in favor of the IBU Plan for all losses to the plan resulting from the breaches of fiduciary duties, including the elimination of the $73 million UVB, and an award of their reasonable attorney fees and costs under 29 U.S.C. § 1132(g).

## THIRD CLAIM FOR RELIEF

### (Equitable Relief – ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

34.     Plaintiff repeats and realleges each of the allegations in the foregoing paragraphs as if fully set forth in this paragraph.

35.     Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), a participant may bring suit "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

36.     Plaintiff and Class members do not have an adequate remedy under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  Plaintiff is therefore entitled to appropriate equitable relief necessary to redress Defendants' violations and to reform the IBU Plan to eliminate the 2018 Rehabilitation Plan and require the Trustees to be personally liable to restore the benefits the IBU Plan provided to class members prior to July 1, 2018, and an award of their reasonable attorney fees and costs under 29 U.S.C. § 1132(g).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on behalf of the Class prays for relief against Defendants as follows:

A.      On the First Claim for Relief that this court issue a judgment in favor of Plaintiff and the class members and against the Trustees for all losses to the plan resulting from the breaches of fiduciary duties, including the elimination of the $73 million UVB, and an award of Plaintiff's reasonable attorney fees and costs under 29 U.S.C. § 1132(g);

B.      On the Second Claim for Relief that this court issue a judgment in favor of Plaintiff and the class members and against the Trustees for all losses to the plan resulting from the breaches of fiduciary duties, including the elimination of the $73 million UVB, and an award of Plaintiff's reasonable attorney fees and costs under 29 U.S.C. § 1132(g);

C.      On the Third Claim for Relief reforming the Plan to eliminate the 2018 Rehabilitation Plan and requiring the Trustees to be personally liable to restore the benefits the Plan provided to class members prior to July 1, 2018, because of Defendants' breaches of fiduciary duties, and grant an award of Plaintiff's reasonable attorney fees and costs under 29 U.S.C. § 1132(g); and

D.      Such other and further relief as the Court may deem just and proper.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

DATED this 7th day of September, 2018.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Steve D. Larson
    **Steve D. Larson,** OSB No. 863540
    **Cody Berne,** OSB No. 142797

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:    slarson@stollberne.com
           cberne@stollberne.com

Attorneys for Plaintiff

{SSBLS Main Documents/9050/001/00726246-5 }
Page 10 -  **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840