IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CLINT FISHER**, individually and on
behalf of the participants in Inlandboatmen's
Union of the Pacific National Pension Plan
and its participants,

        Plaintiff,

    v.

**MARINA SECCHITANO; LEE
EGLAND; BRIAN DODGE; DONOVAN
DUNCAN; PETER HART; GAIL
MCCORMICK; JOHN SKOW; ADAM
SMITH; ROBERT ESTRADA; MATT
HAINLEY; PATRICK MURPHY;
ALICE NG; MIKE O'CONNOR;** and
**ROBERT RELLER,**

        Defendants.

No. 3:18-cv-1639-JR

OPINION AND ORDER

**MOSMAN, J.,**

On April 4, 2019, Magistrate Judge Jolie A. Russo issued her Findings and

Recommendation (F&R) [34] recommending that I grant Defendants' Motion to Dismiss [22].

She also recommended that I grant Defendants' Request for Judicial Notice [23]. Plaintiff Clint

Fisher, on behalf of the Inlandboatmen Union's (IBU) Pension Plan participants ("the

Participants") filed Objections to the F&R [36] and Defendants ("the Trustees") filed a Response

[38] to those objections. For the reasons below, I adopt Judge Russo's F&R in part and grant the

1 – OPINION AND ORDER

Trustees' Motion to Dismiss [22]. Because the Trustees' exhibits are not required to reach this conclusion, I do not address the issue of judicial notice.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The Trustees are the fiduciaries of a multi-employer benefits plan called the Inlandboatmen's Union of the Pacific National Pension Plan ("the IBU Plan"). Am. Compl. [21] at ¶3. In September 2018, Mr. Fisher filed a Complaint against the Trustees alleging breach of fiduciary duty. *Id.* at ¶4. The Complaint was filed shortly after the Trustees implemented a plan that resulted in the reduction of the Participants' benefits ("the Rehabilitation Plan"). *Id.* at ¶6. The parties agree that the Rehabilitation Plan was implemented to eliminate an unfunded vested benefit liability (UVB) that the IBU Plan incurred roughly nine years ago.[1] *Id.* at ¶¶4, 5; Mot. to

---

[1] Mr. Fisher and the Trustees agree that the UVB in question was reduced but never eliminated. Objs. [36] at 5; Resp. [38] at 13. Therefore, I do not adopt Judge Russo's finding that UVB was eliminated in 2012. F&R [34] at 12.

Dismiss [22] at 8. The presence of UVB in an employee benefits plan means that the present value of nonforfeitable pension benefits exceeds the value of plan assets available to pay those benefits. Mot. to Dismiss [22] at 3.

In her F&R, Judge Russo found that the alleged misconduct was not fiduciary activity and recommended that I dismiss Mr. Fisher's breach of fiduciary duty claims. F&R [34] at 12. Mr. Fisher argues that Judge Russo misinterpreted his allegations. Objs. [36] at 2. This implicates questions of fact and law. The factual question is whether Mr. Fisher's First Amended Complaint (FAC) alleged facts related to (1) the Trustee's modification of the IBU Plan, or (2) the Trustees' failure to avoid UVB. The legal question is whether the law provides for relief from what Mr. Fisher alleged. I agree with Judge Russo's answer to the legal question given the first possible reading of the FAC but find that the FAC fails to state a claim for which relief can be granted even when read in the manner recommended by Mr. Fisher in his Objections to the F&R.

A motion to dismiss should only be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). All allegations must be accepted as true and viewed in the light most favorable to the nonmoving party. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Although factual allegations are taken as true, the Court is "not bound to accept as true legal conclusions couched as factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, conclusory legal allegations without factual allegations cannot defeat a motion to dismiss for failure to state a claim. *Caviness v. Comm. Learning Cent., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

There are at least two plausible readings of the FAC and a factual question exists about what Mr. Fisher alleges. Judge Russo stated in her F&R that "plaintiff alleges defendants breached their fiduciary duties by failing to adhere to the 'Trust Documents' in that they failed to *modify* the IBU Plan to eliminate and avoid UVB." F&R [34] at 3 (emphasis added). In their Motion to Dismiss, the Trustees stated that Mr. Fisher alleged that "the Trustees breached fiduciary duties under ERISA by failing to *amend* the Plan to reduce pension benefits in a manner that would have (1) 'avoided' UVB liability being incurred in the first place, and (2) 'timely eliminated' that liability 'when incurred'" Mot. to Dismiss [22] at 3 (quoting Am. Compl. [21] at ¶¶4–7) (emphasis added). In his Objections to Judge Russo's F&R, Mr. Fisher argued that the Trustees and Judge Russo mischaracterized his allegations. Objs. [36] at 2. Mr. Fisher acknowledged that the FAC is unclear but argued it alleges the Trustees breached their fiduciary duties by violating the provisions of the Trust Documents, not by modifying the IBU Plan. Objs. [36] at 2.

Reading the FAC to allege a breach of fiduciary duty related to the Trustees' modification of the IBU Plan, I agree with Judge Russo that Defendants' Motion to Dismiss should be granted because the Trustees cannot be liable for actions, such as modifying plan benefits, that are nonfiduciary in nature. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996). But even under the reading urged by Mr. Fisher, the Amended Complaint fails to state a claim upon which relief can be granted because it fails to show a breach of fiduciary duty.

Mr. Fisher brought three claims against the Trustees, two for breach of fiduciary duty under 29 U.S.C. §1104(a)(1)(B) and (D), and one for equitable relief under § 1132(a)(3). Am. Compl. [21] at 6–8. All three claims are insufficiently plead because Mr. Fisher has failed to

identify a specific act or omission on the part of the Trustees that could plausibly constitute a breach of fiduciary duty.

In the FAC, Mr. Fisher claims that the Trustees failed to act in accordance with the Trust Documents because the IBU Plan incurred UVB, which the Trust Documents expressly prohibits. *Id.* at 2. Few cases address adequacy of pleading in this context.[2] Fortunately, ERISA's fiduciary provisions provide enough guidance to decide this case.

Taking Mr. Fisher's facts as true, it cannot reasonably be inferred that because the IBU Plan incurred UVB in violation of the Trust Documents, the Trustees therefore violated their fiduciary duties. In order to state a valid breach of fiduciary duty claim, a plaintiff must challenge an action that was within the trustee's authority and control as a fiduciary. *Spink*, 517 U.S. at 890. ERISA provides that fiduciaries are only responsible for management decisions that are within their authority and control: "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . ." 29 U.S.C. §1002(21)(A). Section 1002(21)(A) highlights the importance of considering authority and control in determining whether a fiduciary duty has been breached.[3] As Judge Russo noted in her F&R, it would be absurd to hold the Trustees responsible for a decrease in the value of plan assets that resulted from a nationwide recession.

---

[2] I am aware of only two other cases that address similar allegations: *Saxton v. Central Pennsylvania Teamsters Pension Fund*, No. CIV.A. 02-CV-986, 2003 WL 22952101 (E.D. Pa. Dec. 9, 2003) and *Ely v. Board of Trustees of the Pace Industry Union-Management Pension Fund*, No. 3:18-cv-00315-CWD, 2019 WL 438338 (D. Idaho Feb. 4, 2019).

[3] 29 U.S.C. § 1002(21)(A) is often cited in breach of fiduciary duty cases. Judge Russo cited and properly relied on § 1002(21)(A). F&R [34] at 11. She also cited *Lockheed Corp. v. Spink*, which based its holding on the same statutory provision. 517 U.S. 882, 890 (1996) ("This rule is rooted in the text of ERISA's definition of fiduciary." (citing 29 U.S.C. § 1002(21)(A))).

F&R [34] at 13. Mr. Fisher has not provided an alternative explanation of how the Trustees'

conduct resulted in a breach of fiduciary duty. Nor has he has clearly identified an act or

omission within the Trustees' capacities as fiduciaries that resulted in a breach of their fiduciary

duties. Because Mr. Fisher has failed to identify a breach of fiduciary duty, all three claims in the

Amended Complaint are insufficiently plead.

## CONCLUSION

For the reasons described above, I ADOPT the F&R [34] in part and GRANT

Defendants' Motion to Dismiss [22] with leave to amend. Plaintiff has thirty (30) days in which

to file a second amended complaint. Plaintiff is advised that failure to file a second amended

complaint within the allotted time will result in the entry of a judgment of dismissal. Defendants'

Request for Judicial Notice [23] is DENIED as moot.

IT IS SO ORDERED.
DATED this 9 day of July, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge